```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT


VERNON J. LEFTRIDGE, JR.         :
                                 :
                                 :
                                 :
v.                               :   CIV. NO. 3:12CV1654 (WWE)
                                 :
CONNECTICUT DEPARTMENT OF        :
LABOR, ET AL                     :
                                 :
                                 :
```

CORRECTED RULING ON MOTION FOR APPOINTMENT OF COUNSEL[1]

Plaintiff Vernon J. Leftridge, Jr., brings this civil rights complaint, pro se and in forma pauperis, alleging employment discrimination on the basis of gender, race and retaliation "for filing a federal law suit before the Honorable Judge Janet Hall, 3:10CV592 (JCH)." [Compl. ¶7]. Mr. Leftridge seeks appointment of pro bono counsel in this action pursuant to 28 U.S.C. §1915. For the reasons set forth below, plaintiff's motion is DENIED

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even

---

[1] This ruling is corrected only to remove "Education in Stamford Public School" from the title of the ruling. This defendant was named in error.

1

considered, the indigent person must demonstrate that she is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

Plaintiff states that he has made no effort to obtain counsel because he lacks the financial resources.

Further, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Id.  In Cooper v. Sargenti, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." 877 F.2d at 173-74.  The court explained that, "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171. Here, the record consists of a complaint and a copy of a Right to Sue letter from the EEOC. At this time, the court cannot determine whether plaintiff's claims possess likely merit.

Accordingly, plaintiff's motion for appointment of counsel **[Doc. #3]** is **DENIED** without prejudice to refiling at a later date.

SO ORDERED at Bridgeport this 30TH day of January 2013.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

2