UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VERNON LEFTRIDGE, JR., :
    Plaintiff, :
v. : 3:12-cv-1654 (WWE)
CONNECTICUT DEPT. OF LABOR, et al., :
    Defendants. :
  :
_____ :_____
VERNON LEFTRIDGE, JR., :
    Plaintiff, :
v. :
  :
AFSCME, et al. :

## ORDER ON RECOMMENDED RULINGS

Plaintiff has filed the above captioned civil rights actions that stem from the same operative facts. Plaintiff requested consolidation of the two cases. The Magistrate Judge ordered that plaintiff file an amended complaint in 12cv1654 to combine the claims of the above captioned cases, to file a motion to withdraw 12cv1680, and to file an updated financial affidavit relevant to his IFP status. The Magistrate Judge set the deadline for these motions as February 26, 2013, which was later extended to March 28, 2013. Plaintiff filed a motion to extend time to June 30, 2013.

The Magistrate Judge denied the motion for the extension of time and recommended that plaintiff's case be dismissed without prejudice so that he can file a new case that consolidates the claims of both complaints when he is prepared to proceed with his action. The Ruling specified that if plaintiff filed the new case by June 30, 2013, the dismissal would be without prejudice.

Plaintiff has filed a motion for reconsideration asserting prejudice. The Court

construes the motion for reconsideration to be a timely filed objection to the Magistrate Judge's Rulings.

The Court reviews the Magistrate's Judge's Recommended Ruling de novo. The Court's analysis of whether the dismissal without prejudice of plaintiff's two cases is warranted will follow the factors relevant to dismissal for failure to prosecute: (1) duration of plaintiff's failure, (2) whether plaintiff received notice that delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) the efficacy of lesser sanctions. Shabtai v. Levande, 38 Fed. Appx. 684, 686 (2d Cir. 2002).

Plaintiff seeks to delay compliance with the Magistrate Judge's scheduling order for the efficient commencement of this action by approximately four months. Although it is not clear from the record that plaintiff has received prior notice that further delay of the Magistrate's schedule would result in dismissal of his two actions, the recommended dismissals will be without prejudice if he is able to comply with the generous filing date set forth by the Recommended Rulings. At this point, it does not appear that defendants have been served in either action. However, plaintiff's timely and efficient compliance with the Court's scheduling orders will ultimately serve the ends of justice in the interest of both parties. The dismissals without prejudice effect the same result as an order for plaintiff to file a consolidated complaint, complete service and file an updated financial affidavit by June 30, 2013. Accordingly, the Magistrate Judge's Rulings alleviate the court calendar congestion and preserve

2

plaintiff's due process rights by affording him a fair chance to pursue his case. Since the Magistrate Judge has not recommended an unduly heavy sanction, the Magistrate Judge's Rulings [Doc. #33 and 39] are hereby ADOPTED and APPROVED upon de novo review.

    The Motions for Extension of Time [Doc. #30 and 35] are DENIED.

    The Motions for Reconsideration [Doc. #34 and 40] are DENIED.

    The Motions to Appoint Counsel [Doc. #32 and 38] are found to be MOOT.

    The clerk is instructed to dismiss the two above captioned cases without prejudice and plaintiff is instructed to comply with instruction of the Magistrate Judge's Recommended Ruling by filing a new action with all of his asserted claims by June 30, 2013.

    Dated at Bridgeport, Connecticut, this 16th day of April, 2013.

    /s/ Warren W. Eginton  
    Warren W. Eginton  
    Senior United States District Judge